**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

KECITE RENEE SMITH                                    CIVIL ACTION

VERSUS                                                NO. 24-2149

JACQUELEN DAVENPORT, ET AL.                           SECTION "G"(4)


**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I.      **Complaint (ECF No. 4)**

Plaintiff Kecite Renee Smith ("Smith") is a pretrial detainee housed in the St. Tammany Parish Jail ("STPJ") in Covington, Louisiana. ECF No. 4, ¶III(a), at 4. Smith filed this *pro se* and *in forma pauperis* suit pursuant to 42 U.S.C. § 1983 against defendants inmate Jacquelen Davenport and STPJ Correctional Officers Fonitno and Burgess. *Id*. at 1; *id*., ¶III(B) and (D), at 5. She also lists as defendants all STPJ correctional officers in D building, the STPJ medical staff and nurses, and all inmates in "dormitory 300 in building D, pod 1." *Id*. at 1; *id*., ¶III(C), (E), and (F), at 5.

Under a broad reading of the Complaint, Smith alleges that she is being harassed by inmate Davenport and a number of guards and inmates at the direction of Davenport. ECF No. 4, ¶IV, at 5-6. Smith claims that Davenport is a trustee inmate who serves the meals in her dormitory and has influence over everyone in the dorm. *Id.* She claims that she is not supposed to be in contact

with Davenport because Davenport filed a PREA complaint against her.  *Id.*  However, because Davenport is a trustee, she is constantly in the dormitory serving food trays and telling other inmates about Smith.  *Id.*

Smith claims that Davenport encourages other unidentified inmates, and now some unidentified guards, to kill Smith upon her release from jail.  ECF No. 4 at 6-8, 9-10.  Smith further alleges that Davenport "hotshot"[1] Smith in jail by telling unidentified inmates and guards that Smith filed a lawsuit against Davenport and certain correctional officers who favor Davenport and allow her to fraternize in the hallways while she passes out meals.  *Id.*  Smith claims that these officers, who are not identified, allowed Davenport to lie about an alleged rape on the PREA complaint.  *Id.*  She further claims that this harassment by Davenport has caused her to be "mentally disturbed."  *Id*. at 7.  Smith also claims that she has not seen a psychiatrist, which has caused her trauma and to fear for her life.  *Id*. at 8.

Smith also claims that on August 19, 2024, Davenport served plaintiff her lunch but played with the food on her tray before giving it to Officer Burgess to hand out to plaintiff.  ECF No. 4 at 11.  Smith claims that the tray had trash on it and the food was mixed up.  *Id.*  Smith alleges that she placed the tray back on the trap door and said she did not want it.  *Id.*  She further claims she was the only one in the dorm who received a messed up tray.  *Id.*  Another inmate walked up to receive her lunch and Officer Burgess told her not to take Smith's tray because something was wrong with it.  *Id.*  Officer Burgess and Davenport gave other inmates different trays and left Smith's tray on the trap and did not move it.  *Id*. at 12.  Smith also complains that at another time,

---

[1] Smith does not define this term.

Officer Burgess would not allow her to have toenail clippers while other inmates were allowed to have hair clippers that same day.

Smith also claims that on August 20 or 21, 2024, Officer Fonitno allowed an inmate to receive a tray meant for another inmate. ECF No. 4 at 12-13. However, on one date, when an inmate gave her tray to Smith, Officer Fonitno took the tray away from Smith as harassment and to show favoritism just so plaintiff would not have it. *Id.* Smith claims Officer Fonitno harassed and threatened her again on August 22, 2024. *Id.* She also alleges, without any context, that Nurse CeCe showed favoritism through the door trap during medical call on August 26, 2024. *Id*. at 14.

As relief, Smith seeks compensation for her "mentally challenge" and torture by inmates and correctional officers. ECF No. 4, ¶V, at 15. She also seeks compensation for pain and suffering because Davenport still has contact with her despite the PREA complaint and because she is mentally disturbed since they are plotting against her life. *Id.* She also seeks compensation for mental and physical abuse and for defamation of character. *Id.* Smith also requests that the PREA charges against her be dropped. *Id.*

## II.     Standards for Frivolousness Review

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the Complaint.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). Thus, the Court must determine whether plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

III.   **Discussion**

A.   **Improper Defendants**

Among the named defendants, Smith included inmate Davenport, all STPJ correctional officers assigned to her dormitory, the STPJ medical staff and nurses, and all inmates in her dormitory. ECF No. 4 at 1. For the reasons that follow, these are not proper defendants under § 1983.

1.   **Inmate Davenport and Other Inmates**

Smith asserts a number of grievances against Jacquelen Davenport, who is a trustee inmate at STPJ. A plaintiff seeking to recover damages under § 1983 must establish that a defendant has acted under color of state law in violating his rights. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). The federal courts, however, have consistently held that an inmate, even a trustee inmate, is not a state actor or a person acting under the color of state law for purposes of stating a

claim under § 1983.  *See Batiste v. Gusman*, No. 13-96, 2013 WL 6095833, at \*3 (E.D. La. Nov.

20, 2013); *Bland v. Terrebonne Par. Crim. Just. Complex*, No. 09-4407, 2009 WL 3486449, at \*3

(E.D. La. Oct. 23, 2009).  Davenport, as an inmate, is a private person not a state actor.

A plaintiff can establish that a defendant acted under color of state law if the defendant

exercised power "'possessed by virtue of state law and made possible only because the wrongdoer

is clothed with the authority of state law.'"  *West v. Atkins*, 487 U.S. 42, 49 (1988); *accord Johnson*

*ex rel. Wilson v. Dowd*, 305 F. App'x 221, 223-24 (5th Cir. 2008); *Cornish v. Corr. Servs. Corp.*,

402 F.3d 545, 549 (5th Cir. 2005).  A private person may only be considered a state actor if the

plaintiff establishes that their actions are attributable to the State in this way.  *See Priester v.*

*Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) (actions may be attributable to the state if the

private citizen is a willful participant in joint activity with a State or its agents).  Otherwise, "the

under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no

matter how discriminatory or wrongful."  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50

(1999) (internal quotation marks omitted).

Smith has presented no facts to establish that Davenport's alleged actions are attributable

to the State or that she acted jointly with any state official to violate a constitutionally protected

right.[2]  Her conclusory suggestion that Davenport has some influence over the correctional officers

is insufficient to establish the necessary level of joint activity or attribution to the State, much less

---

[2] For the reasons discussed later in this Report, Smith has not stated a non-frivolous claim that any
constitutional right was violated by the state actor defendants.

that any action by Davenport or the correctional officers amounted to a constitutional violation.[3]

Without such a showing, Davenport is not a state actor or proper defendant for purposes of § 1983.

The same would be true to the extent the court considers Smith's broad assertions made

against "every" inmate in her dormitory.  ECF No. 4 at 1.  Not only are these individuals

unidentified, no specific constitutional claims have been asserted against any other specific inmate

and Smith has offered nothing to suggest that any inmate's action were attributable to the State.

Because Smith fails to allege facts establishing that Davenport (or any other inmate) is a

state actor, her § 1983 claims against Davenport have no basis in federal law and are therefore

frivolous.  Smith's claims against Davenport should be dismissed under 28 U.S.C. § 1915 and

§ 1915A as frivolous and for failure to state a claim for which relief can be granted.

### 2.    All Correctional Officers and All Medical Staff and Nurses

Smith also references as defendants all of the correctional staff in her dormitory and the

medical staff and nurses as defendants.  ECF No. 4 at 1.  These broad groups of people are not

properly named defendants.  Instead, a § 1983 action must be filed against an *actual identified*

*person* who violated a constitutional right, not a department or general staff group at the jail.  *See*,

*e.g., Allen v. Gusman*, No. 05-1633, 2006 WL 286007, at *3 n.8 (E.D. La. Feb. 2, 2006) ("Medical

Staff" is not a juridical entity capable of being sued; the specific medical personnel must be

---

[3] Smith's conclusory claims do not allege a conspiracy claim under § 1983.  To do so, a plaintiff must show (1) "an actual violation of [Section] 1983" and (2) "an agreement by the defendants to commit an illegal act." *Leggett v. Williams*, 277 F. App'x 498, 501 (5th Cir. 2008).  Without an underlying § 1983 claim, no actionable conspiracy claim exists. *Kerr v. Lyford*, 171 F.3d 330, 341-42 (5th Cir. 1999), *abrogated on other grounds by Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003).  In addition, "[m]ere conclusory allegations of conspiracy cannot, absent reference to material facts, state a substantial claim of federal conspiracy." *Id*. (citing *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986)).  In pleading specific facts of conspiracy, a plaintiff must allege the operative facts of the alleged conspiracy. *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987).  Even under a broad reading of her complaint, Smith has not met her burden of pleading a non-conclusory, non-frivolous conspiracy claim or a claim sufficient to attribute Davenport's actions to the State.

named); *Carter v. Strain*, No. 09-3401, 2009 WL 2390808, at *3 (E.D. La. July 31, 2009) (citing

*August v. Gusman*, No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); *Staritz v.*

*Valdez*, No. 06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); and *Banks v. United*

*States*, No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007)).  Smith has failed to

name as a defendant any medical personnel or any correctional officers other than Fonitno and

Burgess who would be responsible for any constitutional violation.[4]

Accordingly, Smith's broad claim against the medical staff and all correctional officers

should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e as frivolous

and for failure to state a claim for which relief can be granted.[5]

**B.      Claims Against Officers Burgess and Fonitno**

Smith alleges that Officers Burgess and Fonitno show favoritism to inmate Davenport and

often harass and disparage Smith because of it, causing Smith mental anguish and emotional

---

[4] The Court recognizes that Smith included one sentence in her complaint indicating that during meal pass-outs on August 26, 2024, "Nurse CeCe (Michelle Coyner) was showing favoritism thru trap door for med call . . ." Smith did not name this person as a defendant.  Smith also provides no factual description of any event that could possibly present a question of a constitutional magnitude.  She does not explain what favoritism means or what act somehow demonstrated favoritism to someone else over plaintiff that deprived her of a protected right.  As noted above, Smith cannot recover for any emotional upset caused by her being disfavored by prison personnel without more.  Thus, under  the broadest possible reading of the complaint, Smith has failed to state a non-frivolous claim against "Nurse CeCe (Michelle Coyner)" even if she had been named as a defendant.

[5] As discussed in this Report, Smith has failed to identify a constitutional violation occurring at the jail.  For this reason, it is unnecessary to afford Smith an inherently futile opportunity to file an amended complaint to name these officers and medical staff.  *See*, *e.g.*, *Smith v. Terrebonne Par. Crim. Just. Complex*, No. 14-2207, 2014 WL 5780696, at *3 (E.D. La. Nov. 4, 2014) ("[T]he Court need not give plaintiff an opportunity to amend his complaint to name a proper defendant, because it is clear that his underlying claim is frivolous and/or fails to state a claim on which relief may be granted . . ."); *see also Martzen v. McLane*, 764 F. App'x 402, 403 (5th Cir. 2019) (noting that a plaintiff need not be given an opportunity to amend if he has "already alleged his best case and . . . any further amendment would not have stated a valid § 1983 claim").

upset.[6]  ECF No. 4 at 6-8.  Smith's claims fail to state non-frivolous claim of a constitutional violation.[7]

### 1.    Verbal Abuse and Harassment

Plaintiff complains that Officers Burgess and Fonitno at differing times used verbally abusive and harassing words and actions.  ECF No. 4 at 6-8.  She also complains that Officer Burgess denied her request for toenail clippers when other inmates got hair clippers that same day.  Smith's claims do not invoke the Constitution.

It is well settled that crude, unprofessional, or harassing remarks, even verbal threats by prison staff to an inmate, do not rise to the level of a constitutional violation.  *Field v. Corr. Corp.*, 364 F. App'x 927, 930 (5th Cir. 2010); *Orange v. Ellis*, 348 F. App'x 69, 72 (5th Cir. 2009) ("[C]laims of verbal harassment do not reveal a constitutional violation.  Mere words are not sufficient to support a Section 1983 claim."); *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002) (holding that "claims of verbal abuse are not actionable" constitutional claims); *Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir. 1995) (same) *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993) (same).  Indeed, the Fifth Circuit has consistently rejected retaliation and harassment claims based solely on a prison's guards use of threatening or derogatory language.  *Gibson v. Jean-Baptiste*, 802 F. App'x 858, 859-60 (5th Cir. 2020).

---

[6] Smith mentions physical abuse in her request for relief but otherwise fails to indicate any physical contact or altercation with either Burgess or Smith.

[7] Regardless of whether an inmate is a pretrial detainee or a convicted prisoner, the standard of liability is the same for episodic acts or omissions of jail officials of the type alleged in this case.  *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999); *Hamilton v. Lyons*, 74 F.3d 99, 104 n.3 (5th Cir. 1996); *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996).  The duty under both the 8th and 14th Amendments is for the prison officials "to provide both pretrial detainees and convicted inmates with basic human needs, including medical care and protection from harm, during their confinement" and liability for failure to do so only attaches when "the official had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk."  *Id*. at 650.  Smith's complaint fails to state a non-frivolous claim against either officer under these standards applicable to the episodic events about which she complains.  *See Olabisiomotosho*, 185 F.3d at 526.

When addressing similar claims in *Field*, the Fifth Circuit found that the inmate failed to present a nonfrivolous claim for review when he alleged he was housed with an inmate who verbally and physically threatened him and claimed that he was verbally and mentally abused by the staff and other inmates.  364 F. App'x at 930.  The same is true here in Smith's case.  Smith has not stated sufficient facts to support a plausible claim of a constitutional violation.  Simply put, Smith's "[c]laims of hurt feelings, humiliation, and other heartfelt, yet objectively trivial indignities, are not of Constitutional moment . . ." *Jackson v. Liberty Cnty.*, 860 F. Supp. 360, 363 (E.D. Tex. Jul. 26, 1994).

As for the alleged toenail clipper incident, Smith alleges no facts that show the denial of toenail clippers was inhumane or that Officer Burgess was aware of or caused Smith to be in any substantial risk of serious harm.  *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976) (prison and jail officials must provide humane conditions of confinement guided by "contemporary standards of decency."); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (a prisoner must allege facts showing she is "incarcerated under conditions posing a substantial risk of serious harm").  Smith's claim does not state a constitutional violation.

Furthermore, under 42 U.S.C. § 1997e(e), "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  Smith essentially alleges that on a number of occasions she endured emotional trauma as a result of inmate Davenport and Davenport's influencing of other inmates and guards to threaten and verbally mistreat Smith during meal deliveries.  ECF No. 4 at 6-8.  Neither the alleged verbal abuse by guards nor an occasional missed meal, as discussed in the next section, alleges a physical injury to Smith that is sufficient to overcome the § 1997e(e) bar to recovery for emotional injury.

9

For these reasons, Smith's allegations fails to state a non-frivolous claim.  Smith's claims should be dismissed pursuant to § 1915(e) and § 1915A as frivolous and otherwise for failure to state a claim for which relief can be granted.

### 2.    Missed Meals

Smith claims that on one occasion the food tray served to her by Davenport and Officer Burgess was in disarray and had trash on it, and that when she returned it she was not given a replacement.  ECF No. 4 at 11-12.  She also claims that on another occasion, Officer Fonitno took away a tray that had been given to her by another inmate which apparently left her without a meal.  *Id.*  While not ideal, neither incident violated the constitution.

The deprivation of food to an inmate, whether pretrial or convicted, can constitute cruel and unusual punishment only if it stands as the denial of "the minimal civilized measure of life's necessities."  *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  The denial of food may establish a constitutional violation depending on the amount and duration of the alleged deprivation.  *Talib*, 138 F.3d at 211 (expressing doubt that a prisoner who missed 50 meals in five months, or one out of every nine meals, and lost 15 pounds established a constitutional violation).  The Fifth Circuit has held that only a "continuous and substantial denial of food" will suffice.  *Id*. at 214 n.3.

Smith's claims, accepted as true, demonstrate the denial of food in this case consists of at most two meals over the course of several days, and does not rise to the level of a cognizable constitutional injury simply because the plaintiff is a prisoner.  *Coleman v. Platt*, 558 F. App'x 493, 494 (5th Cir. 2014) (citing *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (denial of eight meals over a seven month period during which the plaintiff experienced only hunger pangs but no other discomfort or injury did not rise to level of a serious deprivation) and *Palmer v. Johnson*,

193 F.3d 346, 352 (5th Cir. 1999)); *see also Shelby v. Dupree*, 574 F. App'x 397, 399 (5th Cir. 2014) (inmate missing three meals per week for six weeks was not sufficiently severe in amount or duration to deprive him of minimal civilized measure of life's necessities).  Plaintiff alleges no more than frustration with the distribution of food by Davenport and Officers she does not trust. This is not enough to reach a constitutional level, even if Smith was without food on two occasions. *See Id.*, at 399 (citing *Talib*, 138 F.3d at 214 n.3); *see also Berry*, 192 F.3d at 506-08.

For these reasons, Smith's allegations that she was denied proper meals on two occasions fail to state a non-frivolous claim.  Smith's claims should be dismissed pursuant to § 1915(e) and § 1915A as frivolous and otherwise for failure to state a claim for which relief can be granted.

### C.   State Law Defamation Claim

Although she provided no specific derogations, Smith seeks relief for defamation.  ECF No. 4, ¶V, at 15.  Defamation claims do not involve the deprivation of any right, privilege, or immunity secured by the Constitution or laws of the United States.  *See Mowbray v. Cameron Cnty.*, 274 F.3d 269, 277 (5th Cir. 2001) (allegations of slander by a former prisoner, resulting in public humiliation, scorn, and ridicule, do not state a claim under § 1983); *Cook v. Houston Post*, 616 F.2d 791, 794 (5th Cir. 1980); *Castillo v. Bowles*, 687 F. Supp. 277, 282 (N.D. Tex. Apr. 8, 1988) (dismissing inmate's defamation claim against jail guards because, even if his allegations were true, plaintiff only alleged harm to his reputation, a claim not protected by the Constitution).

Further, the Fifth Circuit has held that a plaintiff's conclusory allegations that "slanderous statements resulted in lost friendships, lost livelihood, lost time, and physical injuries are insufficient to state a claim under 42 U.S.C. § 1983."  *Gill v. State of Tex.*, 153 F. App'x 261, 263 (5th Cir. 2005) (citing *Arnaud v. Odom*, 870 F.2d 304, 307 (5th Cir. 1989)).  Thus, Smith's

defamation claim is not sufficient to state a § 1983 claim. *See Estelle*, 429 U.S. at 106; *Gibson v. Collier*, 920 F.3d 212, 219-20 (5th Cir. 2019).

To the extent Smith intended to assert this claim under state law, the claim would involve purely state law questions that are best and ordinarily left to the state courts to decide. For the reasons reported above, Smith's § 1983 claims should be dismissed. This leaves no basis for federal subject matter jurisdiction derived from the Complaint. Therefore, the Court has discretion either to decline or exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(c)(3). Considering the provisions of § 1367(c) and balancing the relevant factors of judicial economy, convenience, fairness, and comity,[8] the Court should decline to exercise jurisdiction and dismiss without prejudice Smith's state law defamation claim.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff Kecite Renee Smith's 42 U.S.C. § 1983 claims against defendants Jacquelen Davenport, Officer Fonitno, Officer Burgess, all correctional officers in D building, the STPJ medical staff and nurses, and all inmates in dormitory 300 in building D, pod 1, be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915 and § 1915A, and as applicable 42 U.S.C. § 1997e, as frivolous and otherwise for failure to state a claim for which relief can be granted.

It is further **RECOMMENDED** that the Court decline to exercise supplemental jurisdiction and **DISMISS WITHOUT PREJUDICE** Smith's state law defamation claim.

---

[8] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350-51 (1988); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Heggemeier v. Caldwell Cnty., Tex.*, 826 F.3d 861, 872-73 (5th Cir. 2016); *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158-59 (5th Cir. 2011); *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[9]

New Orleans, Louisiana, this 1st day of November, 2024.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[9] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.